IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

ENTERED
08/05/2016

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| JANICE M. SIMPSON, | ) CASE NO. 16-32612-H3-7 |
| | ) |
| Debtor, | ) |
| | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from the Automatic Stay Regarding Non-Exempt Property" (Docket No. 11) filed by Brad J. Rogers and Francis M. Rogers ("Movants"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Janice M. Simpson ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 24, 2016. Eva S. Engelhart is the Chapter 7 Trustee.

The Chapter 7 Trustee issued a report of no distribution in the instant case on July 15, 2016.

In the instant motion, Movants seek lifting of stay as to real property located at 803 Birdsong Dr., Baytown, Texas

77521.  Debtor opposes the instant motion.  (Docket No. 16).[1]

On June 6, 2014, Debtor and Debtor's husband, Elvin D. Simpson, Jr. ("Elvin") executed a note, in the original principal amount of $115,000, and a deed of trust with respect to the property.

Elvin is a Chapter 13 debtor in Case No. 14-33126-H5-13.  The court has previously lifted the stay as to Movants in Elvin's Chapter 13 case.  (Docket No. 54, Case No. 14-33126-H5-13).

Debtor and Elvin are involved in a divorce proceeding, pending before the 245th Judicial District Court of Harris County, Texas.  The divorce court has issued temporary orders giving sole possession of the property to Elvin.

Debtor has made no offer of adequate protection as to Movants' interest in the property.[2]

### Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

---

[1] The Chapter 7 Trustee filed a response to the instant motion, but did not participate in the hearing.

[2] The court notes that it appears there is a dispute among the parties as to the application of payments made by Debtor and Elvin.  Debtor contends that all regular mortgage payments have been made, and that what remains may be a payment for taxes.  Movants contend that Debtor and Elvin remain in arrears.  The court need not resolve this dispute in order to determine the instant motion.

>   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Debtor has failed to meet her burden of proof as to adequate protection of Movants' interest in

the property.  Moreover, Debtor is not in possession of the property.  The instant case is a Chapter 7 case, and no reorganization is contemplated.  The court concludes that the stay should lift, for cause.

Based on the foregoing, a separate Judgment will be entered granting the "Motion for Relief from the Automatic Stay Regarding Non-Exempt Property" (Docket No. 11) filed by Brad J. Rogers and Francis M. Rogers.

Signed at Houston, Texas on August 5, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE